UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ARMAND ROBINSON,       )<br>                               )<br>           Petitioner,     )<br>v.                              )     No. 1:12-cv-1513-SEB-MJD<br>                               )<br>KEITH BUTTS,             )<br>                               )<br>           Respondent.   ) | |

### Entry Discussing Petition for Writ of Habeas
### Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Armand Robinson for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

### I. The Petition for Writ of Habeas Corpus

**Background**

Robinson is serving the executed portion of a sentence of 50 years imposed in 2009 in Marion County following his convictions for dealing in cocaine and resisting law enforcement. His convictions were affirmed on appeal in *Robinson v. State*, No. 49A02-0901-CR-92 (Ind.Ct.App. October 13, 2009)(*Robinson I*). The Indiana Supreme Court denied transfer on January 11, 2010. The direct appeal was followed with a petition for post-conviction relief, which the trial court denied. Robinson's appeal of that disposition was dismissed with prejudice based on Robinson's failure to submit a missing transcript in a timely manner pursuant to the *Indiana Rules of Appellate Procedure*. Robinson's petition for transfer was denied on June 4, 2012.

The circumstances surrounding Robinson's offenses and prosecution were summarized by the Indiana Court of Appeals in Robinson's direct appeal:

> At approximately 10:00 p.m. on January 28, 2008, two undercover Indianapolis Metropolitan police officers drove to an alley behind a Marathon Station at the intersection of 29th Street and Dr. Martin Luther King, Jr., Street, a location which was approximately 564.8 feet from Holy Angels School. Detective Christopher Jones stopped the truck he was driving, Robinson approached and asked what he wanted, and Detective Jones replied that he "was trying to get a 40 rock for my guy here." Tr. p. 55. Robinson retrieved 0.2835 grams of a substance containing crack cocaine from a confederate nearby and delivered it to Detective Jones in exchange for money.
>
> At that point, Detective Jones exchanged telephone numbers with Robinson and his confederate, which was his signal for the "take-down" officers to approach. Tr. p. 58. As uniformed Indianapolis Metropolitan Police Officer Zachary Taylor approached, Robinson ran and did not stop when Officer Taylor said, "Stop. Police." Tr. p. 77. Robinson eventually turned around, faced Officer Taylor, and assumed a "fighting stance." Tr. p. 78. Officer Taylor ordered Robinson to the ground, but he did not comply. Eventually, Officer Taylor performed a front kick to Robinson's torso, and, once on the ground, Robinson forcibly resisted efforts to handcuff him.
>
> On January 30, 2008, the State charged Robinson with Class A felony conspiracy to commit dealing in cocaine, Class A felony dealing in cocaine, Class B felony cocaine possession, two counts of Class A misdemeanor resisting law enforcement, and Class A misdemeanor marijuana possession. At trial, Robinson did not argue that he was only briefly within 1000 feet of Holy Angels or that there were no children present at the school at the time, nor was the jury instructed on Indiana Code section 35–48–4–16 (2007), which outlines circumstances that mitigate some drug-related crimes, including the ones Robinson was facing. On December 19, 2008, a jury found Robinson guilty of Class A felony dealing in cocaine, Class B felony cocaine possession, and two counts of Class A misdemeanor resisting law enforcement. On January 6, 2009, the trial court sentenced Robinson to fifty years of incarceration for dealing in cocaine and one year for each resisting law enforcement conviction, all sentences to be served concurrently.

*Robinson I*, at pp.2-3 (footnote omitted).

Robinson now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). Robinson claims that: 1) he was denied the ineffective assistance of trial counsel; 2) his sentence was excessive, inappropriate and disproportionate to the severity of the crime; and 3) there was insufficient evidence to support the resisting law enforcement offense.

## Discussion

### A. Procedural Default

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). "A state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). Procedural default occurs "when a habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed." *Perruquet v. Briley,* 390 F.3d 505, 514 (7th Cir. 2004). If a petitioner neglects to properly present a claim to the state's highest court, the claim is procedurally defaulted and barred from district court consideration. *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999); *Moffat v. Boyles,* 288 F.3d 978, 982 (7th Cir. 2002); *Wilson v. Briley,* 243 F.3d 325, 327 (7th Cir. 2001). Procedural default can also occur with respect to "a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Beard v. Kindler,* 130 S. Ct. 612, 615 (2009) (quoting *Coleman v. Thompson,* 501 U.S. 722, 729 (1991)).

In this case the procedural default analysis which is required is partially dispositive of the habeas petition. Robinson's claims in his appeal from the denial of post-conviction relief were disposed of on an independent and adequate state law ground when that appeal was dismissed for failure to comply with the Indiana Appellate Rules. This dismissal constituted Robinson's procedural default as to claims he intended to present in his appeal from the denial of post-conviction relief and thereby preserve for federal habeas review. *Hogan v. McBride,* 74 F.3d

144, 146 (7th Cir. 1996) ("Forfeiture under § 2254 is a question of a state's internal law: failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court."). Furthermore, these claims were not presented to the Indiana Supreme Court in Robinson's petition for transfer.

In his reply to the respondent's return, Robinson argues that he tried to compel the trial court to transcribe the transcript of the post-conviction hearing and that the missteps were the result of the trial court reporters' and clerks' failure to comply with the order to prepare the transcript. Indiana law has long recognized a remedy for this situation. *State ex rel. Grecco v. Allen Circuit Court,* 153 N.E.2d 914, 917 (Ind. 1958). However, even if the missteps were a result of the court reporters' and clerks' inaction, Robinson does not provide any explanation for his failure to present his claims to the Indiana Supreme Court. Robinson's petition to transfer sets forth as his question presented, "[whether] dismissal of Robinson's appeal for failing to seek an order compelling the trial court clerk to issue the Notice of Completion of Transcript, consistent with this Court's preference for resolving appeals on the merits, or with an Appellate Court's discretion to act notwithstanding the Ind. Rules of Appellate Procedure?"

When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's "*actual* and substantial disadvantage)"; or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence. *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted).

Robinson's arguments that he "is simply not guilty" and that it "is shocking to the conscience to allow a man innocent of an A felony enhancement to be charged, convicted and sentenced for it simply because his incompetent, ineffective trial counsel did not raise this issue

at the trial court level" is his effort to invoke the fundamental miscarriage of justice exception to the doctrine of procedural default. If so, however, it is insufficient. In *Schlup v. Delo,* 513 U.S. 298, 327 (1995), the Supreme Court explained that to establish a "fundamental miscarriage of justice" a petitioner must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (quoting *Murray v. Carrier,* 477 U.S. 478, 496 (1986)). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623 (1998). Robinson offers no evidence of his actual innocence here. He offers no explanation showing that "no reasonable juror would have found him guilty but for the error(s) allegedly committed by the state court." *Perruquet v. Briley,* 390 F.3d 505, 515 (7th Cir. 2004) (citing *Schlup*), and it is nearly absurd for such an argument to be suggested.

### B. Non-Cognizable Claim

"A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose vs. Hodges*, 423 U.S. 19, 21 (1975). For example, claims of state law violations do not meet this standard. *See Wilson v. Corcoran,* 131 S. Ct. 13, 16 (2010)("But it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); *Del Vecchio v. Illinois Dep't. of Corr.,* 31 F.3d 1363, 1370 (7th Cir. 1994) (habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law); *Bloyer v. Peters,* 5 F.3d 1093, 1098 (7th Cir. 1993) (citing *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)). ATo say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim >presents no federal issue at all.=@ *Perruquet v. Briley,* 390 F.3d 505, 511 (7th

Cir. 2004)(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)). Robinson's claim that the length of his sentence violated the Indiana Constitution is a claim under Indiana law and hence is not cognizable here.

### C. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Robinson has encountered the hurdles of non-cognizable claims under 28 U.S.C. § 2254(a) and the doctrine of procedural default. He has not shown the existence of circumstances permitting him to overcome these hurdles, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed.** Robinson's requests for the appointment of counsel and an evidentiary hearing are **denied**.

Judgment consistent with this Entry shall now issue.

### II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 proceedings, and 28 U.S.C. ' 2253(c), the court finds that Robinson has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 04/22/2014

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Armand Robinson
No. 974791
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Electronically Registered Counsel